Exh A to 12-5953
(FSH)
Complaint

# EXHIBIT "A"

SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – FORM B - PAGE 2

| | |
|---|---|
| **Plaintiff or Plaintiff's Attorney Information:** | Demand Amount: $ 15000 |
| Name. | Filing Fee: $ 50 |
| Benjamin Nazmiyal Law Group , P.C | Service Fee: $ |
| Address: | Attorney's Fees: $ |
| 209 Main Street, Suite 3A | TOTAL $ 15050 |
| Fort Lee, NJ, 07024 | |
| Telephone No.: (201) 377 - 3403 | |

**SUPERIOR COURT OF NEW JERSEY**

**LAW DIVISION, SPECIAL CIVIL PART**

**PASSAIC COUNTY**

Dounel E. Perez

_____, Plaintiff(s)

*versus*

NCO Financial Systems, INC

_____, Defendant(s)

77 Hamilton Street
Paterson, NJ 07505-2017

(973) 247 -8000

Docket No: _____
(to be provided by the court)

**DC-012631-12**

**Civil Action**

**SUMMONS**

(Circle one): ☒ Contract  or  ☐ Tort

**Defendant(s) Information:  Name, Address & Phone:**

NCO Financial Systems, INC
507 Prudential Road, Horsham, PA 19044

**Date Served:  08/24/2012**

## RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Docket Number: | | | | Date: | | | | Time: | | |
| WM___ WF___ BM___ BF___ OTHER___ | HT___ | WT___ | AGE___ | MUSTACHE___ | BEARD___ | GLASSES___ |
| NAME: | | | | | RELATIONSHIP: | |
| Description of Premises: | | | | | | |

I hereby certify the above to be true and accurate:

_____ Court Officer

## RETURN OF SERVICE IF SERVED BY MAIL (For Court Use Only)

I, Liz Falzone, hereby certify that on 08/24/2012, I mailed a copy of the within summons and complaint by regular and certified mail, return receipt requested.

_____
Employee Signature

FILED Aug 17, 2012

Benjamin Nazmiyal Law Group, P.C.
209 Main St.
Suite 3A
Fort Lee, NJ, 07024
(201) 379-5507 – Telephone
(201) 849-5074 – Facsimile
Attorneys for Plaintiff
    Dounel E. Perez

# SUPERIOR COURT OF NEW JERSEY
# LAW DIVISION SPECIAL CIVIL PART
# PASSAIC COUNTY

| | |
|---|---|
| Dounel E. Perez,<br>Plaintiff | Docket No.   **DC-012631-12** |
| v. | PLAINTIFF'S COMPLAINT |
| NCO Financial Systems, Inc.,<br>Defendant(s). | |

Stuart Werbin, Esq.

Plaintiff, complaining of Defendant(s), states as follows

## COMPLAINT

### Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, *15 U.S C  § 1692, et seq* (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### Parties

2. Plaintiff, Dounel E. Perez, is an adult residing in Passaic County, New Jersey.

3. Defendant NCO Financial Systems, Inc. is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 507 Prudential Road, Horsham, PA 19044. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by *15 U.S C. § 1692a(6)* of the FDCPA.

5. Plaintiff is a "consumer" as defined by *15 U S.C. § 1692a(3)* of the FDCPA.

### Factual Allegations

6. NCO Financial Systems, Inc. attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to American Education Services.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. NCO Financial Systems, Inc. sent Plaintiff a dunning letter dated Jan 18, 2012.

9. On the front of this letter, NCO Financial Systems, Inc. directs Plaintiff to, "See Reverse Side for Federal Validation Notice."

10. The reverse side of the letter did not contain the Federal Validation Notice.

11. The written notice required under FDCPA § 1692g was not sent within five days of the initial contact, as required by the FDCPA, and in fact at no time was such notice sent to Plaintiff or Plaintiff's counsel.

12. Defendant NCO Financial Systems, Inc. misrepresented the amount of the alleged debt as being $2,827.73

13. In fact, upon information and belief, the balance did not exceed $2,216.76, as evidenced by the Jan. 30, 2012 statement.

14. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of

their employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein,

**Claims for Relief**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by *15 U.S.C. § 1692a(2)* and *1692a(5)* of the FDCPA.

Defendant NCO Financial Systems, Inc. violated provisions of the FDCPA, including, but not limited to, the following.

The FDCPA requires that "within five days after the initial communication with a consumer in connection with the collection of any debt, a "debt collector" must send the debtor a written validation notice containing certain information. 15 U.S.C. § 1692g (a). The notice must inform the debtor of the amount of the debt, the name of the creditor, and state that the debt will be assumed valid if the debtor does not dispute its validity within 30 days of the receipt of the notice. Id. § 1692g (a) (1)-(3). Furthermore, the notice must include a statement that if the debtor disputes the debt within 30 days of the notice, the debt collector will obtain and send the debtor verification of the debt and, upon

written request send the debtor the name and address of the current creditor, if different from the original creditor. Id. § 1692g (a) (4)-(5). Not only did Defendant fail to send the required notice within five days of the initial communication as required, such information was, in fact, never sent.

NCO Financial Systems, Inc. is liable under FDCPA 15 U.S.C. § 1692e(2) for misrepresenting the amount owed on the alleged debt.

As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up $1,000, attorney's fees and costs.

Wherefore, Plaintiff respectfully submits that judgment in the sum of $15,000 be entered against Defendants for the following:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U S C § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,                    Benjamin Nazmiyal Law Group, P.C.
                                            Attorneys for Plaintiff
                                            Dounel E. Perez
                                            By:   ~
                                                 Stuart Werbin
                                                 August 10, 2012

Rule 4:51-1 Certification

The undersigned attorneys for the plaintiff certify that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I certify that confidential person identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7b.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: August 10, 2012          Signature: _ _ _ _ _ _ _ _ _ _ _ _ _
                                          Stuart Werbin

Benjamin Nazmiyal Law Group, P.C.
209 Main Street,
Fort Lee, NJ, 07024
(201) 379-5507 – Telephone
(201) 849-5407 – Facsimile

## Out of State Certification

Stuart Werbin, of full age, hereby certifies as follows:

1. Defendant  NCO Financial Systems, INC is located at 507 Prudential Road,

   Horsham, PA 19044

2. NCO Financial Systems, INC does not have an address in New Jersey, but is

   subject to jurisdiction in New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

Date. _____   Signature: _____



Please notify
court
of disability
accommodation
needs

AUG 27 2012

CERTIFIED MAIL



7136 0708 2835 1289 8817

SUPERIOR COURT OF NEW JERSEY
SPECIAL CIVIL PART
71 HAMILTON ST
PATERSON NJ 07505-2002

PAS-DC-012631-12
NCO FINANCIAL SYSTEMS INC
507 PRUDENTIAL RD
HORSHAM          PA    19044



UNITED STATES POSTAGE
$ 05.9
02 1M
00042B1522
MAILED FROM ZIP CODE

PAS